JOSEPH EPSTEIN, JACOB FELDMAN AND SAMUEL H. BLOOM, TRUSTEES IN DISSOLUTION OF THE HOME BUYERS' BUILDING AND LOAN ASSOCIATION, PLAINTIFFS, v. SAMUEL H. BLANK, DEFENDANT.

Submitted October 3, 1939—Decided February 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the rule, *Abraham Greenberg.*

*Contra, A. David Epstein.*

The opinion of the court was delivered by

CASE, J.  This is the return of a rule, issued in the above entitled cause on the petition of Samuel H. Blank, directing the trustees in dissolution of the Home Buyers' Building and Loan Association to show cause why a confessed judgment, entered on bond and warrant, for the amount of the deficiency existing after a foreclosure sale should not be set aside and the levy thereunder vacated.

In April, 1929, Dr. Samuel H. Blank, owner, executed a mortgage upon certain lands and premises, in the Borough of Oaklyn, County of Camden, to the Home Buyers' Building and Loan Association to secure the payment of a bond, with warrant of attorney, in the amount of $16,000 conditioned for the payment of $8,000.  In the spring of 1938 foreclosure proceedings were instituted, and on August 26th, 1938, the property was sold at the foreclosure sale to the above named plaintiffs, trustees for the mortgagee.  Thereafter confessed judgment was entered in this court on the bond and warrant

for the deficiency in the amount of $4,215.05 plus interest and costs. Execution was issued and levy made. Dr. Blank thereupon filed the instant petition setting forth that because alleged tenants were not made parties to the foreclosure proceedings there was not a full and complete foreclosure of the mortgage, and it is now argued, in reliance upon *American-Italian Building and Loan Association* v. *Liotta,* 117 *N. J. L.* 467, that because of that omission of parties an action for deficiency on the bond did not lie. Against that contention the respondents on the rule (plaintiffs in the main action) contend, under *Harvester Building and Loan Association* v. *Elbaum,* 119 *Id.* 437, that the apparent encumbrance which remained upon the premises at the time of the sale, unaffected by the foreclosure decree, was of such a nature that it did not prejudice the sale by deterring bidders and did not lessen the vendible value of the mortgaged premises by depriving a purchaser of his right of possession under his deed or otherwise. It becomes necessary for us to determine the fact issue, and this we do on the proofs introduced by the parties before a Supreme Court Commissioner.

It appears that the occupancy of the property was as follows: Dr. Samuel H. Blank occupied the front of the house for a dental office, and the remainder of the premises was occupied by Dr. Blank's father, mother, sister and brother with the exception of a portion of the garage which was leased, on a monthly rental, to another at the figure of $3 per month. It is contended on behalf of the petitioner that he had, a few months before the foreclosure, let the premises, on a monthly basis, to his brother, Nathan Blank, at a rental that consisted of $10 per month, the cleaning of the petitioner's dental office, the paying of bills for light, heat and water and "relaying" the petitioner's incoming telephone calls to an office which he maintained in Camden. The testimony of petitioner's sister, Jeanette Blank, is not precisely that way. She says that she paid the water, gas, electric, telephone and heating bills either in cash or from her bank account composed of her own funds and funds received from her brother Nathan. The brother, Nathan Blank, testified that the $10 per month was paid by him and that the remaining expenses were shared

by him and by his sister. He is an attorney and counselor-at-law. Both Jeanette Blank and Nathan Blank knew that the foreclosure proceedings were in progress. Miss Jeanette testifies that she didn't pay much attention to the papers which were left at the house because she didn't feel that she was connected with the house as a tenant. When Dr. Blank was served with the foreclosure subpœna, he at once went to his brother Nathan and discussed the proceeding; and when the foreclosure sale was held, Nathan was there "as an onlooker." The entire family seems to have had full knowledge of the proceeding and its incidents. But no one ever made the suggestion to the complainants in the foreclosure proceeding that the relationship of landlord and tenant existed between the owner and the remaining occupants or any of them, and it seems to have been assumed by the complainants that because the owner, his father, mother, sister and brother were in the obvious occupancy of the premises the incident of tenancy was not involved. There is positive testimony that the omission from the parties to the foreclosure proceeding of those who are said to have been tenants had no affect whatever on the bidding at the sale which was, by the terms announced thereat, subject to taxes and existing municipal liens only. There is no proof that the omission had a harmful effect. Petitioner's argument is based solely upon the technical omission of parties and the legal effect of that omission under the Liotta case, *supra,* and subsequent cases depending thereon. We find as a fact that neither the vendible value of the mortgaged premises nor the bidding on the same was in any way lessened or affected by the alleged tenancies.

On the authority of *Harvester Building and Loan Association* v. *Elbaum, supra,* we conclude that the prayer of the petition should be denied and the rule dismissed, with costs.